# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0053V
Filed: October 22, 2018
UNPUBLISHED

| | |
|---|---|
| CRAIG RICHARDSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Franklin John Caldwell, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 20, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis following a tetanus, diphtheria, and pertussis ("Tdap") vaccination on October 9, 2012. Petition at 1. On May 31, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 75).

On September 13, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 80.)   Petitioner requests attorneys' fees in the amount of $45,218.80 and attorneys' costs in the amount of $18,773.37. *Id.* at 1. In compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $63,992.17.[3]

Respondent did not file a response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

### II. Attorney Fees

#### A. Billing Rates

Attorney Franklin John Caldwell billed 6.8 hours in 2018 at a rate of $391 per hour. ECF No. 80-1 at 24. The undersigned shall reduce Mr. Caldwell's hourly rate to

---

[3] Petitioner's motion inadvertently listed the total request for attorney fees and costs as $67,992.17. ECF No. 80 at 2. The total of requested attorneys' fees and costs equals $63,992.17. ($45,218.90 + $18,773.37 = $63,992.17).

2

the previously awarded rate of $385 for 2018.  *See Roetto v. Sec'y of Health & Human Servs.,* No. 16-0018V, 2018 WL 3031026, at *2 (Fed. Cl. Spec. Mstr. March 29, 2018) (setting Mr. Caldwell's rate for 2018). This results in **a reduction of fees in the amount of $40.80.**

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 15 paralegals worked on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and entries of updating the same events in the case file. Mr. Caldwell and the paralegals list 33 entries as reviewing the same court notifications totaling 4.9 hours of time billed.[4] Multiple entries also show paralegals reviewing and updating the client file when the billing records show additional work performed between entries.

### C. Vague Entries

It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable.  *Bell v. Sec'y of Health & Human Services,* 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Multiple paralegals list entries as "Review and respond to correspondence regarding medical records." ECF No. 80-1 at 2-3. The entries do not give any explanation of the type of correspondence reviewed, the facility the correspondence is from, or what it is regarding.

---

[4] Example of these entries include: December 3, 2014 (0.2 hrs FJC) "Review file for petition readiness" (.2 hrs AER) "Review file to determine completion of records and documents received to date. Update file notes", November 3, 2015 (0.1 hrs FJC) "Receipt and review of scheduling order" (.2 hrs BNS) "Receive and analyze Scheduling Order for action needed", and October 25, 2016 (0.1 hrs FJC) "Receipt and review of scheduling order" (0.2 hrs AER)  "Receipt and review of Scheduling Order, update case deadlines and update file accordingly."  ECF No. 80-1 at 3, 10-11 and 14.  FJC is attorney Franklin John Caldwell.  AER is paralegal Amanda Ramos.  BNS is paralegal Brittany Shalla.   These entries are merely examples and are not exhaustive.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours[5] was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents.

For the reasons listed above the undersigned reduces the request for fees by 5 percent. **This results in a total reduction in the amount of $2,258.90.**

### III. Attorney Costs

Petitioner requests a total of $18,773.37 in attorney's costs which includes charges for economists, medical records, travel expenses and shipping costs. (ECF No. 80-2 at 1-2). The undersigned notes that the receipt dated as December 21, 2014 listed as "Payment to US Airways" is for an inflight seat upgrade. The court has previously denied compensation to petitioners for more "luxurious" methods of travel such as first-class airfare or business class train fare. *See Tetlock v. Sec't of Health & Human Servs.*, No. 10-0056V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). This results in **a reduction of attorneys' costs in the amount of $43.00**.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $61,649.47[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel**

---

[5] Examples of these entries include: January 14, 2015 (0.3 hrs) "Finalize the Petition and prepare the package for filing with the Court. Prepare service copy package for service on the Respondent", March 2, 2015 (0.1 hrs) "Send correspondence to Louth PhysioFirst Centre regarding the request for medical records", July 24, 2015 (0.2 hrs) "Organize and prepare medical records and affidavit for filing", December 28, 2017 (0.1 hrs) "Receipt of confirmation of service of Subpoena upon NCH Healthcare Systems, Inc. Update case notes accordingly" and July 6, 2018 "Receive and process client's Entitlement Check." ECF No. 80-1 at 3,6,8, 20 and 22. These entries are merely examples and are not exhaustive.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

**Franklin John Caldwell.  Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.